UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WILLIE MAE SWEENEY BLACKSHIRE          CIVIL ACTION NO. 25-cv-1640

VERSUS                                 JUDGE VAN HOOK

TONZON GLADIS BALL ET AL               MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Willie Mae Sweeney Blackshire ("Plaintiff"), who is self-represented, filed this civil action in state court based on allegations that she was injured as a pedestrian on Barksdale Air Force Base when she was hit by an SUV.  The driver of the SUV was not identified. Plaintiff's original and two amended petitions resulted in three named defendants: State Farm Mutual Automobile Insurance Company, TonZon Gladis Ball, and United Services Automobile Association (USAA).  Before the court is a Motion to Dismiss (Doc. 24) filed by Ball and USAA that argues that the claims against them are untimely.  For the reasons that follow, it is recommended that the motion to dismiss be granted and that those two defendants be dismissed.

**Analysis**

Federal courts have jurisdiction over claims that arise on a federal enclave.  Morgan v. Rankin, 436 Fed. Appx. 365 (5th Cir. 2011), citing Mater v. Holley, 200 F.2d 123, 124–25 (5th Cir. 1952).  "Barksdale is a United States defense base in Bossier Parish— a federal enclave".  Bossier Par. Sch. Bd. v. Lemon, 370 F.2d 847, 849 (5th Cir. 1967).

Generally, when an area in a state becomes a federal enclave, the state law in effect at the time of the transfer of jurisdiction continues in force as surrogate federal law. Vinales v. AETC II Privatized Hous., L.L.C., 146 F.4th 434, 441 (5th Cir. 2025). With respect to Barksdale Air Force Base, "[t]he United States acquired a fee simple title to the entire tract in 1930 by donations from the State of Louisiana, the City of Shreveport, and the Bossier Levee District, a state agency, for the purpose of using the land as a military base." Humble Pipe Line Co. v. Waggonner, 84 S.Ct. 857 (1964).

The court need not task the parties with briefing the status of Louisiana tort and prescription law in 1930 because Congress has provided that in a civil action brought to recover on account of a wrongful death or injury sustained in a place subject to the exclusive jurisdiction of the United States within a state, the rights of the parties shall be governed by the law of the state in which the place is located. 28 U.S.C. § 5001. A predecessor statute, 16 U.S.C. § 457, was interpreted to mean that a federal enclave personal injury action will evolve with changes in state law so that the law in effect at the time of the accident applies. Ferebee v. Chevron Chem. Co., 736 F.2d 1529, 1534 (D.C. Cir. 1984); Vasina v. Grumman Corp., 644 F.2d 112, 117-18 (2d Cir. 1981); Yarbrough v. Hunt S. Grp., LLC, 2019 WL 4345990, *3 (S.D. Miss. 2019); and Voelkel v. Gen. Motors Corp., 846 F. Supp. 1468, 1473 (D. Kan. 1994). Accordingly, Louisiana law applicable at the time of the accident will govern this personal injury claim.

Plaintiff alleged in her petition that she was injured on October 6, 2023. She did not file her state court petition until two years later on October 6, 2025. Louisiana's

prescriptive period for torts was one year at the time of this accident. It was recently increased to two years, but the two-year limitations period applies only to actions arising after July 1, 2024. La. Civ. Code art. 3493.1; Acts 2024, No. 423; Haygood v. Morrison, 116 F.4th 439 n.4 (5th Cir. 2024). Accordingly, any ordinary tort claim asserted by Plaintiff is governed by a one-year prescriptive period.

But there has long been a two-year limitations period applicable to claims against a plaintiff's own uninsured/underinsured motorist (UM) insurer. "Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained." La. R.S. 9:5629

The statute of limitations is an affirmative defense that "places the burden of proof on the party pleading it." Frame v. City of Arlington, 657 F.3d 215, 239 (5th Cir. 2011). Under federal pleading requirements, "a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." Id. at 239-40. That is why timeliness and other defenses "are generally not the proper subject of Rule 12(b)(6) motions" and may be successful only if the grounds for the defense "clearly appear on the face of the plaintiff's complaint." Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997). Dismissal under Rule 12(b)(6) based on statute of limitations is proper only "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

Plaintiff's petition, as amended, must be examined to determine whether a limitations defense for Ball and USAA appears on its face. The original petition was filed on October 6, 2025 at 12:52 p.m. The title stated that it was a "Pedestrian Uninsured/Underinsured Motorist Claim." The only named defendant was State Farm, "which issued an automobile insurance policy to Plaintiff that included Uninsured/Underinsured motorist coverage" pursuant to Louisiana law. Plaintiff alleged that she was walking on the Air Force Base on or about October 6, 2023 when an unidentified motorist operating an SUV negligently struck Plaintiff and caused severe injuries. Plaintiff stated that the uninsured driver's identity "remains unknown." She prayed for recovery of benefits under the UM coverage of the insurance policy issued by State Farm. This petition was filed on the two-year anniversary, so it appears to be timely with respect to a UM claim against State Farm, which has not joined in the motion to dismiss.

Plaintiff filed an amended complaint a few hours later on October 6, 2025 at 4:04 p.m. that appears to have been the product of a poor copy and paste job. The caption listed defendants Tonzon Gladis Ball and USAA. The first paragraph identified the defendant as "Tonzon Gladis Ball (USAA)." The second paragraph listed a license number and a VIN without explaining which driver or vehicle they belonged to and what either has to do with this case. The paragraph then repeated allegations from the original petition about an insurer (presumably State Farm) issuing a UM policy. The remainder of the amended petition repeated the original allegation that the uninsured driver's identity "remains unknown" and added some allegations about Plaintiff's injuries.

The amended petition did not explain whether Ball is the alleged negligent driver, a USAA insurance agent, or someone else.  The amended petition also did not explain the role of USAA.  Is it Ball's liability insurer or is it somehow an additional UM insurer for Plaintiff? The amended petition is so vague that one can only guess at the answers to these questions.

The next day, on October 7, 2025, Plaintiff filed a second amended petition.  The caption listed Ball, USAA, and State Farm as defendants.  The first paragraph referred to Ball as being associated with the previously mentioned license number and VIN but then inexplicably alleged that Ball is a foreign insurer that issued an automobile policy to "defendant" that included UM coverage.  The next paragraph stated that USAA "is the insurer of defendant TonZon Gladis Ball is liable for the said accident for an Uninsured Motorist Claim."

Paragraph three of the second amended petition alleged that State Farm issued an auto policy to Plaintiff that included UM coverage.  Paragraph four alleged that the "uninsured driver's identity has been revealed at 4517 Salmon Drive, Las Vegas, Nevada," but it did not say who lives there or otherwise allege the name of the SUV driver.  Is it Ball?  The pleading perhaps implies that, but it does not say so directly.

It might be a reasonable guess that Ball was the driver of the SUV and that USAA is Ball's liability insurer.  If those facts could be found on the face of Plaintiff's petition and amendments, then those defendants would be entitled to dismissal based on their timeliness defense.  The vague and sometimes inconsistent allegations in Plaintiff's pleadings, at best, suggest that those facts are possible.  Those facts do not clearly appear

on the face of the petition as amended, which would ordinarily mean that Rule 12(b)(6) dismissal based on the limitations defense, on which the moving defendants bear the burden of proof, would not be warranted.  The defendants would have to assert their timeliness defense at trial or by a motion for summary judgment that is supported by appropriate evidence of who played what role.

Fortunately for Ball and USAA, Plaintiff filed a memorandum in opposition to their motion.  The memorandum stated: "Plaintiff was struck by a vehicle operated by TONZON Gladis BALL, defendant On Barksdale Air Force Base …."  Plaintiff also stated, "Insurance coverage exists through defendants including USAA."[1]  These statements adequately clarify the roles of Ball and USAA.  Although they were not on the face of the petition, a district court has discretion to treat statements made in briefs as binding judicial admissions of fact.  City Nat. Bank v. U.S., 907 F.2d 536, 544 (5th Cir. 1990); Stafford v. Stanton, 2025 WL 953326, *4 (W.D. La. 2025).

"A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession that constitutes full proof against the party who made it."  La Louisiane Bakery Co. v. Lafayette Ins. Co., 61 So.3d 17, 26 (La. App. 5th Cir. 2011).  Federal law similarly provides thar a clear and unequivocal statement can constitute a conclusive judicial admission.  Matter of Corland Corp., 967 F.2d 1069, 1074 (5th Cir. 1992).  The court finds that Plaintiff's statements about the roles of Ball and

---

[1] Plaintiff's memorandum, which appears to have been written with the assistance of artificial intelligence (AI), argues that Plaintiff has alleged a plausible cause of action for tort, but it does not address the timeliness defense.

USAA in connection with her accident are sufficiently clear and express to be accepted as a judicial confession or admission of those facts.

Plaintiff alleged in her petition that she was injured when hit by a SUV on or about October 6, 2023.[2]  She did not commence this civil action until October 6, 2025.  The claims against driver Ball and liability insurer USAA are subject to a one-year limitations period under Louisiana law, so Plaintiff did not file suit timely with respect to those two defendants.  There is no apparent basis for tolling, interruption, or suspension of prescription before it expired.  The claims against Ball and USAA should be dismissed, but Plaintiff's claims against State Farm, her own (alleged) UM insurer, will remain.

Accordingly,

It is recommended that TonZon Gladis Ball and USAA's Motion to Dismiss (Doc. 24) be granted and that all claims against TonZon Gladis Ball and United Services Automobile Association (USAA) be dismissed as untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

---

[2] Plaintiff made multiple, conflicting statements in her memorandum that she was struck by Ball's vehicle on *August* 6, 2023 rather than October 6, 2023 as stated in her petition. If the August date is correct, then even Plaintiff's UM claim against State Farm may be untimely. Any timeliness defense raised by State Farm would have to rely upon a properly supported motion for summary judgment that includes competent evidence that clarifies the date discrepancy.

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge